TIM CULLEN, Chairperson Committee on Senate Organization
You ask whether the State of Wisconsin has authority to "enforce regulations to require double hulls on barges transporting hazardous substances in the Wisconsin portion of the Mississippi River." The answer to your question is no.
Under our federal system of government, power is divided into four classes: exclusive national power; exclusive state power; power which is shared concurrently and independently by both; and power which may be exercised by the state but only until congress acts to occupy the field in which case state power retires and lies in abeyance until circumstances or the federal courts allow a reexercise thereof. The Chicago N.W. R. Co. v. Fuller,84 U.S. 710, 714 (1873).
Your question appears to fall in the last category stated in Fuller and the leading case, Ray v. Atlantic Richfield Co.,435 U.S. 151 (1978) (hereinafter ARCO), indicates that the federal government has moved to preempt the fields of vessel safety and design by imposing national standards under the Ports and Waterways Safety Act of 1972 (PWSA). See 33 U.S.C. § 1221 etseq. and 46 U.S.C. § 2101(16) and (17) et seq., requiring state regulation to yield under the Supremacy Clause, article VI, clause 2 of the United States Constitution.
Federal preemption and the supremacy thereof in maritime matters has been discussed by the United States Supreme Court in several cases. In Sinnot et al. v. Davenport et al., 63 U.S. 227,243 (1859), the Court stated:
 The whole commercial marine of the country is placed by the Constitution under the regulation of Congress, and all laws passed by that body in the regulation of navigation and trade, whether foreign or coastwise, is therefore but the exercise of an undisputed power. When, therefore, an Act of the Legislature of a State prescribes a regulation of the subject repugnant to and *Page 177 
inconsistent with the regulation of Congress, the state law must give way; and this, without regard to the source of power whence the State Legislature derived its enactment.
In accord, Parden v. Terminal R. of Alabama Docks Dept., 377 U.S. 184,192 (1964).
In the ARCO case, a State of Washington regulation required oil tankers operating in Puget Sound to have double-bottomed hulls. The court held that PWSA prescribed the minimum safety and design standards for vessels, leaving the state "no room" for regulation. ARCO, 435 at 163-64, 168. In fact, the double-hull concept was specifically rejected during federal rulemaking.47 Fed. Reg. 128-29 (1982). Further, river barges fall within the purview of PWSA. 46 U.S.C. §§ 2101(34), 3301(4)(a), 3305(a)(1), (3)-(5), 3306(a)(4) and 3301(1)(a). Also the PWSA mandates safety inspections by the Coast Guard. ARCO, 435 at 165; 33 U.S.C. § 244 et seq.
It is, therefore, my opinion that state regulation requiring double-hulled barges on the Mississippi River adjacent to Wisconsin would be invalid under article VI, clause 2 of the United States Constitution.
BCL:JPA *Page 178